UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL C. RANTZ ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-3338** |
| **SHIELD COAT, INC., ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is plaintiffs' motion[1] to remand the above-captioned matter to Louisiana state court, and for costs and attorney fees associated with Travelers's removal. Travelers opposes[2] the motion.

For the foregoing reasons, the Court will remand the case, but it will not impose on Travelers the costs and attorney fees associated with removal.

### I.

This case concerns a dispute over the performance of obligations in an agreement[3] executed on March 30, 1984, between plaintiffs and Travelers. The agreement addresses the financing of liability litigation stemming from injuries received by plaintiff Michael Rantz in 1983.[4] The agreement also addresses the distribution of any damages received by plaintiffs as a result of the litigation.[5]

The agreement provides in part that "[i]n the event Michael Charles Rantz is alive at the time a lump sum settlement of the personal injury action [against

---

[1] R. Doc. No. 3.
[2] R. Doc. No. 4.
[3] *See* R. Doc. No. 12-2.
[4] *Id.* at 1.
[5] *Id.*

various parties] is reached" and funds from the settlement remain after certain prioritized payments are made, then a portion of the remaining funds will be allocated toward Michael Rantz's future medical expenses.[6] The agreement then provides that plaintiffs will be responsible for the first $15,000 of Michael Rantz's medical expenses every year until that portion of the remaining funds is exhausted.[7] If Michael Rantz's medical expenses exceed $15,000 in a given year, then the agreement obliges Travelers to "pay all additional medical expenses until that year ends."[8]

Plaintiffs filed this case in Louisiana state court on March 31, 2016, alleging that Travelers was not honoring its side of the agreement.[9] Plaintiffs also alleged that "t[o] the extent Travelers failed to comply with" the agreement "and/or its obligations to Michael Rantz pursuant to the Louisiana workers compensation law," then Shield Coat and French Jordan—Michael Rantz's former employers—"are solidarily liable for all damages sustained by plaintiffs."[10]

On April 12, 2017—more than one year after plaintiffs filed suit—Travelers removed the case to this Court.[11] In its notice of removal, Travelers asserted that

---

[6] *Id.* at 5-6.
[7] *Id.* at 7. Once that portion of the remaining funds is exhausted, then the agreement provides that Travelers will pay for all of Michael Rantz's medical expenses. *Id.*
[8] *Id.*
[9] R. Doc. No. 12-1.
[10] *Id.* ¶ 17.
[11] *See* R. Doc. No. 1.

the Court possessed jurisdiction over this case pursuant to both 28 U.S.C. § 1331 (federal question) and § 1332 (diversity of citizenship).[12]

Plaintiffs then filed the present motion to remand this action to state court.[13] Plaintiffs allege a cornucopia of reasons why the case is not removable, including that 1) the case does not present a federal question, 2) complete diversity does not exist, 3) the case arises under Louisiana's workers' compensation laws, and 4) Travelers's removal was untimely.[14]

The parties do not dispute, and the Court does not question, the timeliness of plaintiffs' motion to remand.

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. To respect a plaintiff's initial choice of a state judicial forum and the federalism principles implicated by removal, courts strictly construe the removal statute. *Riley v. Wal-Mart, La.*, No. 15-5729, 2015 WL 9268160, at *1 (E.D. La. Dec. 21, 2015) (Africk, J.); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *see also Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450,

---

[12] *Id.* ¶ 12.
[13] R. Doc. No. 3.
[14] *Id.*

1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).

Jurisdictional facts supporting removal, such as the amount in controversy, are judged at the time of removal. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Any doubts about the jurisdictional facts supporting removal "are to be construed against removal and in favor of remand to state court." *Riley*, 2015 WL 9268160, at *1.

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "A party invoking the removal jurisdiction of the federal courts bears a heavy burden" of demonstrating that the removal was proper. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

### A.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As a general matter, "questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule." *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152-53 (1908)). "The rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry." *Id.* at 243-44. "If, *on its face*, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Id.* at 244 (citing *Franchise Tax Bd. of the State of Cali. v.*

*Constr. Laborers Vacation Trust for S. Cali.*, 463 U.S. 1, 10 (1983)) (emphasis added).

The removing party "bears the burden of demonstrating that a federal question exists." *Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F. Supp. 2d 760, 764 (E.D. La. June 3, 2008) (Vance, J.). "Because a defendant may remove a case to federal court only if the plaintiff could have brought the action in federal court from the outset, the question of removal jurisdiction must also be determined by reference to the well-pleaded complaint." *Id.* (internal quotation marks omitted). In other words, "a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10 (emphasis in original). Defenses raising federal questions do not suffice to confer federal jurisdiction under § 1331. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Where a plaintiff asserts only state law claims, "federal question jurisdiction does not exist unless the 'vindication of a right under state law *necessarily* turn[s] on some construction of federal law.'" *Gulf Coast Plastic Surgery*, 562 F. Supp. 2d at 764 (quoting *Merrell Dow*, 478 U.S. at 809) (emphasis added) (alteration in original). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005).

5

In their petition for damages, plaintiffs allege that "Travelers . . . refused to submit the first $15,000.00 of Mr. Rantz's yearly medical and nursing expenses[15] to Medicare (which provides full coverage to Mr. Rantz as a result of his injuries)."[16] Travelers argues that this allegation raises a disputed and substantial federal question: "whether the Medicare Secondary Payer Recovery Act . . . authorizes the Centers for Medicare and Medicaid Services ('CMS') to recover from Travelers [ ] payments made by Medicare."[17] As such, according to Travelers, the case is removable under § 1331.

Plaintiffs' petition for damages does not establish on its face that this case "arises under" federal law. In the context of the 1984 agreement between the parties, plaintiffs' allegation with respect to Medicare raises a question of contract interpretation: does Medicare's payment of Michael Rantz's medical expenses satisfy plaintiffs' obligation under the agreement to pay the first $15,000 of Michael Rantz's annual medical expenses? Based on the factual allegations in their petition, plaintiffs' position appears to be yes, in which case Travelers's alleged refusal to recognize Medicare's payment as equivalent to plaintiffs' payment violates the agreement.

---

[15] The Agreement defines "medical expenses" as "all compensable medical expenses under the Louisiana Workers' Compensation Law, as well as nursing services, prosthetic devices, physical and vocational rehabilitation expenses, wheelchairs or other motorized or modified vehicles necessary for transportation of Michael Charles Rantz as a result of the injuries he sustained, [and] emotional and psychiatric counselling for Michael Charles Rantz." R. Doc. No. 12-2, at 4-5.
[16] R. Doc. No. 12-1, ¶ 8.
[17] R. Doc. No. 1, ¶ 19.

This breach of contract claim arising under state law does not "necessarily turn on some construction of federal law." *Merrell Dow*, 478 U.S. at 809. Rather, it turns on construction of the *agreement*, which is governed by *state law*. *See F.D.I.C. v. Fireman's Ins. Co. of Newark, N.J.*, 109 F.3d 1084, 1087 (5th Cir. 1997) ("We look to state law for rules governing contract interpretation."). No federal issue is "necessarily raise[d]." *Grable & Sons*, 545 U.S. at 314. Moreover, to the extent that Travelers asserts a defense that raises a federal question, a defense "is inadequate to confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 808.

The Court concludes that § 1331 does not support removal.

## B.

Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Since the early days of our Republic, § 1332 has been understood to demand complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

Plaintiffs argue that the case is not removable under § 1332 because it features nondiverse defendants[18] and it involves claims that arise under Louisiana's

---

[18] R. Doc. No 3-1, at 13-19.

7

workers' compensation laws.[19] (Cases arising under state workers' compensation laws are not removable. *See* 28 U.S.C. § 1445(c).) In addition, plaintiffs argue that Travelers's removal was untimely in two respects: 1) Travelers did not remove the case within 30 days of learning that the case was removable[20]; and 2) Travelers did not remove the case within one-year of the case's filing in state court, and it has not shown that plaintiffs acted in bad faith to prevent removal.[21]

The Court will begin—and end—with the issue of timeliness.

### i.

Where a federal court would have jurisdiction over a case that is initially filed in state court, Section 1446(b)(1) requires that a defendant wanting to remove the case file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Section 1446(b)(3) then provides an exception: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In addition to arguing that the Court possesses jurisdiction over this case under § 1332, Travelers

---

[19] *Id.* at 12-13.
[20] *Id.* at 5-12.
[21] *Id.* at 5-12.

8

argues that its removal pursuant to § 1332 was timely under the "other paper" exception, because it removed the case within 30 days of learning by means of "other paper" that the amount in controversy requirement was satisfied.[22]

However, even assuming that the Court possesses jurisdiction pursuant to § 1332 and Travelers qualifies for the "other paper" exception, its removal must still be timely in one additional respect. Section 1446(c)(1) provides that "[a] case may not be removed under [the 'other paper' exception] on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See Forest Creek Townhomes, LLC v. Carroll Property Mgmt., LLC*, No. 16-5759, 2017 WL 2557716, at *2 (6th Cir. June 13, 2017) ("If a federal district court would have jurisdiction over a case as stated by the initial pleading, the defendant may file a notice of removal within thirty days after receiving service of the initial pleading. Otherwise, the defendant may file a notice of removal within thirty days after receiving the 'paper from which it may first be ascertained that the case is one which is or has become removable.' A case may not be removed more than one year after its commencement, however, unless the plaintiff has acted in bad faith." (internal citations omitted)).

Plaintiffs filed their petition for damages in state court on March 30, 2016, and Travelers removed the case on April 12, 2017. As such, the case was removed more than one year after plaintiffs commenced the action. *See New York Life Ins.*

---

[22] *See* R. Doc. No. 1, ¶ 38; R. Doc. No. 4, at 8-9.

*Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998) ("Under both Louisiana and federal law, an action 'commences' when it is filed.").

Nevertheless, Travelers argues that its removal under § 1332 was timely. According to Travelers, § 1446(c)(1)'s bad faith exception[23] is applicable in this case because plaintiffs improperly joined nondiverse defendants and did not promptly respond to Travelers's request for admission that the amount in controversy exceeds $75,000.[24]

"Courts have not settled on a clear standard for determining bad faith" in the § 1446(c)(1) context. *Shorraw v. Bell*, No. 15-3998, 2016 WL 3586675, at *5 (D.S.C. July 5, 2016) (Childs, J.). At least one district court in this circuit has equated the § 1446(c)(1) bad faith standard with the Fifth Circuit's equitable tolling standard for § 1446(c)(1)'s precursor: whether a plaintiff "attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *See Day v. W. World Ins. Co.*, No. 14-348, 2014 WL 4373301, at *4 (M.D. La. Sept. 3, 2014) (Jackson, J.); *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-49 (5th Cir. 2003) (articulating the

---

[23] Travelers seems to view the Fifth Circuit's decision in *Tedford* as recognizing an equitable tolling exception to § 1446(c)(1) separate and distinct from the provision's codified bad faith exception. *See* R. Doc. No. 4, at 6-8. What Travelers does not recognize, however, is that *Tedford* predates the 2011 amendments to § 1446, in which Congress added the bad faith exception to the one year removal deadline. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, § 103(b)(3)(C). As such, the Court does not treat *Tedford* as establishing an equitable tolling exception under § 1446(c)(1) separate and distinct from the bad faith exception codified by Congress in 2011. *Cf. Kidwai*, 2014 WL 252026, at *2.
[24] R. Doc. No. 4, at 8.

equitable tolling standard). Other courts that have considered the issue have likewise focused on whether a plaintiff's conduct demonstrates manipulation of the removal rules in order to prevent a defendant's removal. *See, e.g., Shorraw*, 2016 WL 3586675, at *5 (considering whether the plaintiff's actions "demonstrate forum manipulation" to prevent removal); *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (discussing "bad faith" in terms of "gamesmanship" to thwart removal); *Tran v. Thompson*, No. 14-263, 2014 WL 4161784, at *5 (M.D. La. Aug. 19, 2014) (Dick, J.) (considering whether a plaintiff engaged in "procedural manipulation" to stop removal); *Kidwai v. Fed. Nat'l Mortgage Ass'n*, No. 13-972, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014) (Rodriguez, J.) ("Conduct rises to the level of bad faith when a party makes a transparent attempt to avoid federal jurisdiction." (internal quotation marks omitted)).

The Court will also focus its bad faith inquiry on whether plaintiffs' conduct illustrates manipulation of the removal statute so as to prevent Travelers from removing the case to federal court under § 1332. Ultimately, "[t]he determination of bad faith is left to the discretion of the district court, but 'the exception to the bar of removal after one year is limited in scope.'" *Bryson v. Wells Fargo Bank*, N.A., No. 16-28, 2016 WL 1305846, at *4 (E.D. Tex. Mar. 31, 2016) (Crone, J.) (quoting H.R. Rep. No. 112-10, at 15 (2011)). The burden of showing that plaintiffs acted in bad faith to prevent removal lies with Travelers. *See De Aguilar*, 47 F.3d at 1408; *Sid Richardson Carbon & Gasoline*, 99 F.3d at 751.

The Court concludes that Travelers has not met that burden.

11

**ii.**

Travelers first argues that plaintiffs acted in bad faith so as to prevent removal by improperly joining nondiverse defendants.

As an initial matter, the Court concludes that those nondiverse defendants—Shield Coat and French Jordan—are improperly joined to the case. Improper joinder[25] "can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The Court takes judicial notice of business filings maintained by the Louisiana Secretary of State, which indicate that French Jordan merged with Shield Coat on February 23, 1998, and then that Shield Coat dissolved on February 22, 2010. Louisiana law prior to 2015[26] provided that "[a]ll claims which would be enforceable by suit against the corporation . . ., on which suit has not been filed in a court of competent jurisdiction before the expiration of three years after the proceeding for dissolution takes effect . . . shall be barred perpetually and peremptorily." La. R.S. § 12:147(D) (2011)[27]; *see also Marchand v. Asbestos-*

---

[25] The Fifth Circuit uses the term "improper joinder" rather than the more common "fraudulent joinder." *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (2004); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013).

[26] The Louisiana legislature amended its law with respect to corporation dissolution in 2014 and the amendments took effect on January 1, 2015. *See* 2014 La. Sess. Law Serv. Act 328 (H.B. 319).

[27] Louisiana law prior to 2015 also provided that this three-year window could be measured from "the giving or completion of publication of the notice" required by La. R.S. § 12:147(B), where such notice "was not given and publication thereof commenced within one month" after the dissolution proceeding. La. R.S. § 12:147(D) (2011). Plaintiffs do not argue that the Court should measure this three-

12

*Defendants*, 44 So.3d 355, 362 (La. Ct. App. 4th Cir. 2010) ("Per the provisions of La. R.S. 12:147(D), a claim against a dissolved corporation is 'barred perpetually and peremptorily' if not brought within three years of its dissolution."). As such, any and all claims against Shield Coat (and French Jordan) were "barred perpetually and peremptorily" as of February 22, 2013. *Id.* § 12:147(D). Because plaintiffs did not initiate the present case until March 31, 2016, plaintiffs cannot establish causes of action[28] against Shield Coat and French Jordan. *See Travis*, 326 F.3d at 647.

However, "[t]hat 28 U.S.C. § 1446(c)(1) contemplates removal after one year when the plaintiff has joined [a] defendant in bad faith . . . does not resolve the issue [of bad faith in instances of improper joinder], because not every plaintiff who misconstrues joinder rules is acting in bad faith" to prevent removal.[29] *Flores-Duenas v. Briones*, No. 13-660, 2013 WL 6504537, at *33 (D.N.M. Dec. 1, 2013) (Browning, J.). After all,

> The "bad faith" exception under § 1446 governs the timing of removal. By contrast, "fraudulent joinder"[—or, in the Fifth Circuit, improper

---

year window to bring putative claims against Shield Coat and French Jordan from the date of notice of Shield Coat's dissolution. *See* R. Doc. No. 3-1; R. Doc. No. 11.

[28] The Court does not address whether plaintiffs would otherwise have viable causes of action against Shield Coat and French Jordan.

[29] Some courts have considered whether a finding of improper joinder should be treated as equivalent to a finding of bad faith under § 1446(c)(1). *See, e.g.*, *Ehrenreich*, 994 F. Supp. 2d at 289. The Court concludes that a case-by-case inquiry better aligns the statutory text, which requires the court to make a finding "that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In some instances, improper joinder will have been done to prevent removal; in other instances, it will have resulted from a lack of due diligence by counsel. The former would support relief from § 1446(c)(1)'s one-year deadline, but the latter would not.

> joinder—]is a court-created doctrine that pertains to a federal court's subject matter jurisdiction to hear a case in the first place. Although the purpose of both doctrines is to thwart gamesmanship by plaintiffs in diversity cases, courts . . . generally address these grounds separately and independently of each other.

*Ehrenreich*, 994 F. Supp. 2d at 288; *see also Ramirez v. Johnson & Johnson*, No. 15-9131, 2015 WL 4665809, at *4 n.3 (S.D.W.V. Aug. 6, 2015) (Goodwin, J.); *NKD Diversified Enter., Inc. v. First Mercury Ins. Co.*, No. 14-183, 2014 WL 1671659, at *2 (E.D. Cal. Apr. 28, 2014) (Boone, M.J.). More to the point, "[a]n unsuccessful claim is not necessarily brought in bad faith." *Ramirez*, 2015 WL 4665809, at *4 n.3.

Travelers has not identified any conduct by plaintiffs suggesting that plaintiffs joined the nondiverse defendants—who all parties agree are Michael Rantz's former employers—in order to prevent removal. Plaintiffs did not belatedly add Shield Coat and French Jordan to the case—plaintiffs included them in their initial petition for damages. Nor did plaintiffs dismiss Shield Coat and French Jordan "as soon as the one-year deadline had passed." *Ehrenreich*, 994 F. Supp. 2d at 288-89; *cf. Tedford*, 327 F.3d at 427-28 (noting that the plaintiff amended her complaint to add a non-diverse party "hours after learning of [the defendant's] intent to remove," and then prepared but not file a notice dismissing that non-diverse party "until after the one-year anniversary of the filing of the complaint"). Moreover, Travelers does not allege "that the [petition] was in any way changed or amended over time in a way that suggests gamesmanship" on the part of plaintiffs.

14

*Ehrenreich*, 994 F. Supp. 2d at 289. To the contrary, "[i]t appears that the [petition] stood unchanged for the entirety of the one-year removal period." *Id.*

The Court also notes that "[i]n removal cases involving [improper] joinder claims, the [30-day] period for timely removal commences when the defendant can first ascertain that a party has been fraudulently joined." *Harrod v. Zenon*, No. 03-1088, 2003 WL 21748687, at *5 (E.D. La. July 25, 2003) (Duval, J.). Given free public access to relevant business records on the Louisiana Secretary of State's website documenting Shield Coat's dissolution in 2010, plaintiffs did not prevent Travelers from ascertaining early in the case that Shield Coat and French Jordan were improperly joined. Travelers "should have filed a timely removal and argued for the[ir] dismissal." *Hill v. Delta Int'l Machinery Corp.*, 386 F. Supp. 2d 427, 431 (S.D.N.Y. 2005). In other words, "the defendants had plenty of time to attempt removal under the doctrine of [improper] joinder." *Id.* at 433. While plaintiffs "plainly desire[ ] to try this case in state court[,] . . . there has been no showing of the type of obviously strategic behavior that has been cited by other courts as justifying an extension of the removal period." *Id.* Plaintiffs simply did nothing vis–à–vis party joinder that attempted to prevent Travelers from removing the case within the one-year window established by § 1446(c)(1).

### iii.

Travelers next argues that plaintiffs acted in bad faith to prevent removal by not promptly responding to Travelers's request for admission that the amount in controversy exceeds $75,000. Under 28 U.S.C. § 1446(c)(3)(B), "[i]f the notice of

15

removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith."

Travelers cannot show that plaintiffs deliberately failed to disclose the amount in controversy because the amount in controversy *was* disclosed to Travelers within the one-year window. As Travelers itself points out,[30] the request for admission was deemed admitted under Louisiana law after plaintiffs did not respond to the request within 30 days of receiving it. *See* La. C. Civ. P. art. 1467(A). If plaintiffs simply wanted to admit the amount in controversy, then no response to the request for admission was in fact required by state law. *See id.* As such, the amount in controversy was explicitly disclosed to Travelers by operation of law as of March 23, 2017—a full eight days *before* the one-year deadline to remove the case pursuant to § 1332. Travelers's focus on plaintiffs' alleged non-responsiveness to the request for admission is a red herring: plaintiffs did not hide the amount in controversy, let alone attempt to prevent Travelers from removing the case within the one-year window.

### III.

Plaintiffs also request "just costs and attorney fees" pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such awards are appropriate only after "consideration of

---

[30] *See* R. Doc. No. 1, at ¶ 38.

the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "[A]bsent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)) (alteration in original).

Travelers had an objectively reasonable basis for removal. Congress codified the bad faith exception to the § 1332 one-year removal window in 2011[31] and courts are only beginning to grapple with the exception's contours. The Court finds it inappropriate to award plaintiffs the costs and fees associated with removal.

## IV.

"None of th[e] conduct [identified by Travelers] supports a reasonable inference that the plaintiffs engaged in procedural manipulation, or other bad faith conduct to prevent the defendants from removing the case." *Tran*, 2014 WL 4161784, at *5. Travelers has not met its burden of overcoming § 1446(c)(1)'s bar against removal under § 1332 after the one-year anniversary of the case's commencement in state court. Travelers's removal was untimely, and remand to state court is warranted. *See Day*, 2014 WL 4373301, at *1.

Accordingly,

---

[31] *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, see Pub. L. 112-63, 125 Stat. 758.

17

**IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiffs' request to remand is **GRANTED**, and the above-captioned matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that plaintiffs' request for costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

New Orleans, Louisiana, July 26, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**